UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10159-NG

UNITED STATES OF AMERICA

v.

LUIS CABRERA
a/k/a Luis Alcantara
a/k/a Luis Cabreia
a/k/a Hector Rivera
a/k/a Hector Rivers

## MEMORANDUM AND ORDER ON
## GOVERNMENT'S MOTION FOR DETENTION

May 21, 2004

DEIN, M.J.

### I. GOVERNMENT'S MOTION FOR DETENTION

The defendant was charged, first by way of criminal complaint, and now by an

indictment, with bank fraud, in violation of 18 U.S.C. § 1344; wire fraud, in violation of

18 U.S.C. § 1343; mail fraud, in violation of 18 U.S.C. § 1341; and identity fraud, in

violation of 18 U.S.C. § 1028(a)(3). An initial appearance was held on May 4, 2004, at

which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(D)

and (f)(2)(A) on the grounds that the defendant is a danger to the community and that

there is a serious risk that the defendant will flee. A detention hearing was held on May

7, 2004, at which time the defendant was represented by counsel and requested a

continuance. An evidentiary hearing was held on May 11, 2004, at which time the

defendant was represented by counsel.  As of the time of the hearing, there had been insufficient time for Pre-trial Services to write up its report, as the defendant had just consented to be interviewed.  At the conclusion of the hearing, the court requested that Pre-trial Services complete its report, and review the defendants' proposed living conditions.  Despite numerous efforts, Pre-trial Services has apparently been unable to interview one of the occupants of the home where the defendant has proposed living. The court received the Pre-trial Services report today.

For the reasons detailed herein, this court finds that the government has proved by a preponderance of the evidence that no condition or combination of conditions will assure the defendant's appearance as required, and that detention is appropriate under 18 U.S.C. § 3142(f)(2)(A).

## II.  THE BAIL REFORM ACT

A.      Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained.  See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or

combination of conditions will reasonably assure the appearance of the person as required . . . ." See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

      B.     The government is entitled to move for detention on grounds of danger to the community in a case that –

      (1)     involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

      (2)     involves an offense punishable by death or life imprisonment;

      (3)     involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; or

      (4)     involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court sua sponte may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. See 18 U.S.C. § 3142(f).

---

[1]    The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. See United States v. Moss, 887 F.2d 333, 336-37 (1st Cir. 1989).

C.    In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

(1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the accused;

(3)    the history and characteristics of the person, including --

(a)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(b)   whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)    the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).[2]

### III.    DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.  Based

---

[2]    No rebuttable presumptions under 18 U.S.C. § 3142(g) apply in this case.

on the record before me, I find that there are no conditions which may be imposed

which will reasonably insure the defendant's presence at trial.

### A. <u>The Offense Charged And Weight Of The Evidence</u>

The defendant is charged with participating "in a scheme and artifice to defraud and obtain money or property by means of false pretenses from financial institutions, banks and other individuals and entities by using stolen social security numbers and forged identification documents to obtain credit to purchase or lease automobiles and to obtain credit cards, mobile telephones, and other things of value."  (Indictment ¶ 1). The evidence against him appears strong.  Briefly, on February 12, 2003, the defendant, claiming to be "Nelson Roman" leased a new BMW.  He used a drivers license with his own photograph, but containing the stolen personal identification information of Nelson Roman.  Nelson Roman is a Justice of the New York State Supreme Court, and the true Nelson Roman did not authorize the defendant's use of his name.

As Nelson Roman, the defendant leased and purchased various other high-priced vehicles.  In addition, the defendant co-signed various other car loans as Nelson Roman, allowing others to purchase expensive cars with the fictitious Nelson Roman guaranteeing payment.  In addition, the defendant obtained a credit card in the name of Nelson Roman.

The defendant admitted purchasing the vehicles as described above.  In addition, he has other New York State driver's licenses with his photograph in the name of Julio Hernandez, and Vidal Moreno.

The government contends that it has evidence of 17 vehicles which were either bought by the defendant with false identification or co-signed for by the defendant

using a false identity.  There were approximately 10 other vehicles that the defendant purportedly sold to persons using false identification papers while the defendant was working as a car salesman.  Several of the vehicles have been recovered in connection with drug-related offenses, other vehicles have been shipped to the Dominican Republic.

### B.  History And Characteristics Of The Defendant

The defendant, who contends his true name is Luis Cabrera, was born on December 1, 1971 in the Dominican Republic.  He became a naturalized citizen on July 13, 1995.  He graduated High School in Roxbury, Massachusetts.  The defendant is married.  He has no children with his wife, from whom he is estranged.  He has a 14 month old child with another woman, and is in a relationship with a third woman, Ana Cruz, age 23, into whose custody he proposes to be released.

The defendant's father lives in Dorchester, Massachusetts and his mother lives in Holland.  He has siblings both in Massachusetts and Holland.

The defendant has been self-employed as an automobile broker for the last 1½ years.  Prior to that he was employed as a car salesman, at which time the government contends he engaged in the scheme to sell cars to individuals with fraudulent identities.

Based on his criminal record, the government contends that the defendant faces a likely sentence of approximately 20 years in prison if the case goes to trial and he is convicted.  In 1998, the defendant was sentenced in Bristol Superior Court to 5 years in prison on a 1993 charge for trafficking in controlled substances.  In 1995 and 1996, he had various motor vehicle charges, and numerous defaults.  In 1996, he was convicted

of possession of a Class B Controlled Substance and committed for 90 days.  Later that

year, he was given a 2 year split sentence, with 1 year committed, for possession with

intent to distribute a Class B Controlled Substance.  In 2003, the defendant was

convicted and given a 1 year suspended sentence for knowingly receiving stolen

property.

## C.  Risk of Flight

This court concludes that the government has proved by a preponderance of the

evidence that no combination of conditions will reasonably assure the defendant's

appearance at future court proceedings.[3]  The defendant has used various aliases and

has admitted to participating in a large fraudulent scheme.  He has a lengthy criminal

record, and despite several periods of incarceration has continued to operate outside

the law.  The defendant faces a lengthy jail sentence if convicted of the crimes with

which he's been charged.

The defendant does not have any steady employment.  He does not seem to

have established stable family ties.  While the defendant proposes that he be released

to live with Ana Cruz, there is no evidence that she exerts any control over the

defendant's behavior to give the court assurance that he would not flee.  In fact, given

that the defendant's relationship with Ms. Cruz is of fairly recent vintage and, according

to Pre-trial Services, there is at least one more adult living in the residence with her,

this court does not find the proposed living arrangement to be acceptable.

---

[3]     In view of this conclusion, the court does not need to reach the government's alternative claim that the defendant poses a danger to the community.

Given the strength of the evidence against the defendant, the defendant's lack of stable employment and a stable living arrangement, his failure to comply with the law despite repeated convictions, his frequent use of aliases and apparent ability to obtain fraudulent identity documents, and the number of defaults on his record, the risk of flight is very high.

## IV.  ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

(1)    That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3)    On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.


        / s / Judith Gail Dein
        Judith Gail Dein
        United States Magistrate Judge