UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LUIS CABRERA )<br>a/k/a Luis Alcantara )<br>a/k/a Luis Cabreia )<br>a/k/a Hector Rivera )<br>a/k/a Hector Rivers ) | CRIMINAL NO.: 04-10159-NG |

GOVERNMENT'S MOTION FOR DEPOSITION OF JULIO FRANCISCO MOLINA

The United States, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth P. Berman, moves this Court to order the deposition of Julio Francisco Molina ("Molina") pursuant to Federal Rule of Criminal Procedure 15. As grounds therefore the government states that Molina is a witness to the crimes charged in the Indictment against defendant Cabrera, and he will be unavailable to testify at the as-yet-unscheduled trial in this matter, as he is likely to be deported from the United States prior to the trial. Consequently, a deposition is needed in this exceptional circumstance to preserve Molina's testimony in the interests of justice.

**Summary of Proposed Testimony:**

In summary, Molina will testify that on or about March 27, 2005, Molina and the defendant purchased a 2003 Mitsubishi Ecliple Spyder from Boch Mistubishi of Norwood, Massachusetts by applying for a loan of approximately $35,000 from Mitsubishi Motors Credit of America, Inc., of Cypress, California. Molina will testify that in order to qualify for the necessary credit, he needed someone with a better credit rating to co-sign the loan, and that defendant Cabrera agreed to be that co-signor in return for $400. Molina will further testify that

the defendant signed the loan application documents as Nelson Roman, and presented identification purporting to demonstrate that he was Nelson Roman.

**Unavailability of Witness:**

Molina, who also goes by the name Hector Oquendo, pled guilty to charges related to the above described incident on August 25, 2005. During the course of the plea colloquy, Molina stated that he was not a citizen of the United States, was not a legal resident, and that he understood that he was likely to be deported from the United States. Molina sentencing is scheduled for October 18, 2005, at which point he will have already served at least the low-end of his guideline sentence range. Consequently, it is very likely that he will be sentenced to a sentence that is at or close to a time served sentence. Upon completion of his sentence (which is likely to be on or about October 18, 2005), Molina will be eligible for immediate deportation from the United States. As the next scheduled court date in defendant Cabrera's case is after October 18, 2005, and a trial date has not yet been set, it is very likely that Molina will not be available to testify Cabrera's trial.

**Conclusion:**

For the forgoing reasons, the Government requests that this Court order the videotape deposition of Molina, to be held on a date prior to October 18, 2005.

                                           Respectfully Submitted,

                                           MICHAEL J. SULLIVAN  
                                           United States Attorney  
                                           By:

                                           /s/ Seth P. Berman  
                                           SETH P. BERMAN  
                                           Assistant U.S. Attorney  
                                           (617) 748-3385

August 26, 2005