UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.: 04-10159-NG |
| | ) | |
| LUIS CABRERA | ) | |
| A/k/a Luis Alcantara | ) | |
| A/k/a Luis Cabreia | ) | |
| A/k/a Hector Rivera | ) | |
| A/k/a Hector Rivers | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Now comes the defendant, Luis Cabrera through his counsel, and hereby submits the following memorandum in preparation for his sentencing.

## I.   Mr. Cabrera's position regarding sentencing.

As set forth on page 33 under sentencing options "the Probation Officer notes that the sentencing guidelines are advisory. Nevertheless, as guideline ranges and guideline policy statements are among the statutory sentencing factors set forth in *18 U.S.C. 3553* (a), they must be taken into consideration by the Court in conjunction with the other sentencing factors set forth in that statute."[1st] The Probation Officers' comments stated that all the guidelines are advisory in nature only, but addressing the Probation Officers' concerns Mr. Cabrera's position is as follows:

First, the charts submitted to the court, on page 6 through page 11 on the probation pre-sentencing report, the defendant objects to the amount of loss calculated by the probation Officer.

---
[1st] From pre-sentencing report on page 33, section D, sentencing options.

1

Car 1 – Just because Quirk Motors was later able to sell the car at auction for $23,800.00, it is the defendant's position that the fair market value of the item according to the blue book would be substantially higher.  The same objection is made for car 2, car 3, car 4, car 5, car 6, car 8, car 9, car 11, car 12, car 13, car 14, car 15, car 17, car 18, car 19, car 20, and car 24.  If the blue book value was used as the fair market value the loss would be substantially less and the base level of 7 would be the correct calculation.  If the blue book value was used, the loss would be under $400,000.00 and the 14-point increase on page 13 would not be warranted.  Furthermore, on page 13, number 45, the defendant objects to the 2 level increase that involved 10 or more victims.  Either the insurance company paid Quirk for the lost vehicles, and Norwood BMW and Chase Bank and Citizens Bank.  The participants received insurance coverage, so there wouldn't be a loss by 2 separate participants.

The information submitted by the government to the Probation Officer regarding the chart is vague.  From the chart one is unable to clearly understand who suffered the loss.

It is the attorney's understanding that in the co-defendant's case, ***Hector Oquendo, criminal No. 04-10343-NG*** the court applied the blue book value as to the actual loss.  Therefore if the court uses the blue book value to determine loss in the Cabrera case, the loss would fall under $400,00.00 thus reducing the 14 point increase on page 13.  Also on page 45 the defendant again objects to the 10 or more victims because if the insurance company paid, there wouldn't be loss to 2 parties thus reducing the total adjusted level offense on page 14 because of the above-cited reasons.

2

(508)  *Mr. Cabrera's position Regarding Restitution.*

Under *29 U.S.C. 363* there are 2 factors to be considered when ordering restitution – The amount of loss sustained by each victim as a result of the offense; (2) in the financial resources of the defendant, the defendant's earning ability, the defendant's dependence and such other factors as the court deems appropriate.

The case at hand, Mr. Cabrera shows no assets. He has 2 dependents, a wife and a child to support. Mr. Cabrera has had no cash flow since he has been incarcerated. His legal bill was paid by his mother in Holland, who is presently dying of cancer. The defendant contends that he does not have the financial resources, or the ability to pay any restitution.

(508)  *Grounds that the court should consider.*

Even though the guidelines are advisory in nature, the court must look at them along with a number of factors that may warrant a departure. In *Koon vs. the United States, 588 U.S. 81-106 (1996)* it lists that there are an infinite number of factors, which may warrant a departure.

(508)    It is the upbringing of the child. Mr. Cabrera was left in the Dominican Republic by his mother when she left for Holland. His father had already come to the United States. He was brought up by an elderly grandfather and received very little supervision. His mother and father established new lives in foreign countries and left him behind. When his grandfather died he was taken out of school, away from his friends and the Dominican Republic and sent to his father in the United States. He found it very difficult to adjust to American culture at first, but later became a legal citizen of the United States.

(508)    Mr. Cabrera's medical condition has deteriorated since he has been in jail. On numerous occasions he has complained to the court about not receiving his insulin, which he must take twice a day. The medical care has been poor at best. He has a shoulder injury that has not been treated. His attorney has contacted the Sheriff's Department, which brought some relief, but they have not overall addressed all the factors regarding his condition.

These are the factors that Mr. Cabrera wished me to bring the attention of the court.

(508)    *Summation*

The key issue in this case is how the loss is determined. Mr. Cabrera has objected to his involvement of any fraudulent activity in cars 2, 3, 5, 6, 7, 8, 9, and 10. As I recall he did not plea to these cars and therefore should not be included in the restitution figure also. If the court used the blue book value in the co-defendant's case, **Hector Oquendo, No. 41-0343-NG**, to give uniformity to sentencing it should be used in Mr. Cabrera's case.

4

Mr. Cabrera did not plead guilty to any fraudulent activity in cars 2, 3, 4, 5, 6, 8, 9, 11, 12, 13, 14, 15, 17, 18, 19, 20 and 24. Since he did not plea to these cars they should not be included in any restitution figure or any fraudulent activity figure. Also, the court should consider Mr. Cabrera's illness in sentencing and if the government is able to provide adequate medical care, which he has not received up to this time.

> Respectfully submitted,
> Louis Cabrera
> By his attorney,
>
> /s Lawrence P. Novak
> _____
> Lawrence P. Novak (BBO#548589)
> 235 Candy Lane
> Brockton, MA 02301
> (508) 587-8400

**Dated**:    February 28, 2007

### CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

> /s/ Lawrence P. Novak
> Lawrence P. Novak

**Dated:**    February 28, 2007

5